1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATTI DUSBABEK, | CASE NO. 3:21-cv-05849-RJB |
| Plaintiff, | ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS AND DENYING PLAINITIFF'S MOTION TO REMAND |
| v. | |
| BANK OF AMERICA, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Bank of America's Motion to Dismiss Complaint (Dkt. 16) and Plaintiff's Motion to Remand (Dkt. 27). The Court has considered the documents filed in support of and in opposition to these motions and the remaining file. For the reasons set forth in this order, Bank of America's Motion to Dismiss should be granted, but Plaintiff should be given an opportunity to file an amended complaint. Plaintiff's Motion to Remand should be denied.

## I.      BACKGROUND

Plaintiff, who is proceeding *pro se*, filed the pending civil complaint in Kitsap County

Superior Court on November 2, 2021.  Defendant Specialized Loan Services (SLS) filed notice of removal on November 18, 2021, based on diversity and federal question jurisdiction.  Dkt. 1. Plaintiff's allegations are difficult to understand, but she appears to claim that the foreclosure auction of her land is illegal.  Dkts. 1-2 and 24.  She indicates that the auction is illegal either because she paid her mortgage loans and her property has nonetheless gone into foreclosure, because Defendants did not have the right to collect payments, or both.  *See id.*  Plaintiff filed what appears to be an amended complaint on January 12, 2022, but it was not properly signed. Dkts. 24 and 25.  After receiving notice of the improper signature, she returned a signed copy on February 2, 2022.  Dkt. 33.

Bank of America filed a request for judicial notice with its motion to dismiss.  Dkt. 16-1. The documents to be judicially noted are:

- a Deed of Trust recorded on December 24, 2002, under Kitsap County Recorder's Office No. 200212240029;

- an Assignment of Deed of Trust recorded on May 19, 2017, under Kitsap County Auditor's Office No. 201705190183;

- a Notice of Trustee's Sale recorded on August 12, 2021, under Kitsap County Auditor's Office No. 202108120181;

- a Complaint for Contract Fraud, Extortion, Falsified Servicing filed of February 1, 2021, in Kitsap County Superior Court Case No. 21-2-01150-19 entitled *Patti Disbabek v. Bank of America, et al.*, (the "Prior Action");

- the Motion to Dismiss, or, alternatively, Motion for a More Definite Statement filed on February 22, 2021, in the Prior Action;

- an order entered on March 5, 2021, in the Prior Action;

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS AND DENYING PLAINITIFF'S MOTION TO REMAND - 2

- Plaintiff's response to that order filed on March 16, 2021;
- Bank of America's Motion to Dismiss for Failure to Timely Provide a More Definite filed on June 29, 2021; and
- the order granting Bank of America's Motion to Dismiss on July 9, 2021.

These documents are appropriate for judicial notice because they are official government records "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). It appears from these documents that Plaintiff received a home loan from America's Wholesale Lender on December 17, 2002, Dkt. 16-1 at 16; her loan was assigned to Mortgage Electronic Registration Systems, Inc. on May 19, 2017, *id.* at 19; and Quality Loan Services Corporation of Washington issued notice that it would be selling her property at auction on December 27, 2021, for failure to pay $134,335.42 on her loan, *id.* at 23.

It also appears that Plaintiff filed a lawsuit against Bank of America and SLS in Kitsap County Superior Court in February 2020, the Prior Action, in which she made similar allegations to those alleged in this matter. Dkt. 16-1 at 27–31. Bank of America moved to dismiss her complaint, or, in the alternative, provide a more definite statement. *Id.* at 51. The Kitsap County Superior Court denied Bank of America's motion to dismiss and required Plaintiff to file an amended complaint by a given date and time. *Id.* at 72. The Court informed Plaintiff that failure to do so may renew Bank of America's motion to dismiss. Plaintiff does not appear to have filed an amended complaint, and that court issued an order granting Bank of America's motion to dismiss and dismissing Plaintiff's claim with prejudice on July 9, 2021. *Id.* at 83.

Also pending in this matter, is a motion filed by Plaintiff that the Court has construed as a motion to remand to Kitsap County Superior Court (Dkt. 27). In that motion, Plaintiff "requests this case be transferred back to KC Superior Court for a ruling," but the content of that motion

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND - 3

1   primarily reiterates the general claims from her complaints – that the auction of her land is illegal

2   and Defendants did not have the right to collect on her loan.  *See* Dkt. 27.

3                                   **II.      DISCUSSION**

4          Defendant Bank of America moves to dismiss Plaintiff's complaint on the grounds that

5   the claims are deficient and barred by res judicata.  Dkt. 16 at 4.  Though Plaintiff filed an

6   amended complaint, which did not originally but now does include a proper signature (Dkt. 33),

7   after Bank of America moved to dismiss Plaintiff's original complaint, it is proper to rule on

8   Bank of America's motion to dismiss because both complaints raise substantially the same

9   issues.

10   **A.  WARNING TO PRO SE PLAINTIFF REGARDING MOTION TO DISMISS**

11          Plaintiff is warned that "[*p*]*ro se* litigants must follow the same rules of procedure that

12   govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997),

13   including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District

14   of Washington ("Local Rules"). Plaintiff is further reminded that although *pro se* pleadings are

15   held to a "less stringent standard than formal pleadings drafted by lawyers," they still must meet

16   the requirements of the rules. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

17          Pursuant to Federal Rule of Civil Procedure 12(b), a party may assert the following

18   defenses in a motion to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal

19   jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6)

20   failure to state a claim upon which relief can be granted; and (7) failure to join a party under

21   Rule 19."

22          Defendant Bank of American brings the pending motion to dismiss under Rule 12(b)(6)

23   for failure to state a claim for which relief can be granted.  Dkt. 16.

24

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS AND DENYING
PLAINITIFF'S MOTION TO REMAND - 4

**B.  STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)**

Rule 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

**C.  RULING ON MOTION TO DISMISS**

Both Plaintiff's original and her amended complaints are too difficult to understand to determine whether she states a claim or, as Bank of America alleges, Bank of America was in no way involved in her foreclosure proceedings and her claim is barred by res judicata.

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement" of the grounds for relief.  Furthermore, an amended complaint supersedes the original, so the original may be treated as if it was never filed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

Plaintiff's pleadings are long and difficult to understand.  It is not clear from Plaintiff's filings how her claims relate to Bank of America.  For example, whether Bank of America

received payments from her or was involved in the foreclosure proceedings on her land.  Bank of America's motion to dismiss should be granted, but Plaintiff should be given an opportunity to file an amended complaint because she is proceeding *pro se* and it is not clear that amendment would be futile.  The amended complaint, if any, must contain a short and plain statement of her claims to comply with Federal Rule of Civil Procedure 8 and to help the Court get a basic understanding of what happened.  **Plaintiff may file an amended complaint on or before March 25, 2022**.  Failure to file an amended complaint that complies with the Federal Rules of Civil Procedure, notably Rules 8 and 12(b)(6), may result in dismissal of this matter.

### D.  PLAINTIFF'S MOTION TO REMAND

Remand to state court is appropriate either for lack of subject matter jurisdiction or for "any defect in removal procedure."  28 U.S.C. § 1447(c).

Plaintiff's motion to remand does not state grounds for remand other than "P[laintiff] requests this case be transferred back to KC Superior Court . . . ."  Dkt. 27 at 1.  Both subject matter jurisdiction and the removal procedure appear from the complaint and notice of removal to be proper, so her motion (Dkt. 27) should be denied.

### III.   ORDER

Therefore, it is hereby ORDERED that:

- Bank of America's Motion to Dismiss (Dkt. 16) **IS GRANTED**, and plaintiff may file an amended complaint on or before March 25, 2022;

- Plaintiff's Motion to Remand (Dkt. 27) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS AND DENYING PLAINITIFF'S MOTION TO REMAND - 6

Dated this 7th day of February, 2022.

ROBERT J. BRYAN
United States District Judge